IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTERSON, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STERLING JEWELERS INC., d/b/a KAY JEWELERS, | : | NO.  21-cv-2138 |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                    **October 6, 2021**

Plaintiff Christopher Patterson claims Defendant Sterling Jewelers Inc. d/b/a Kay Jewelers ("Kay Jewelers") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by reporting, failing to investigate, and then failing to correct inaccurate and misleading credit information that Defendant submitted to credit reporting agencies. Plaintiff alleges that the information was inaccurate and misleading because Defendant reported a payment status of "late 120 days" for a debt that was transferred to another lender and has a $0 balance. Plaintiff claims that because the account was closed when the debt was transferred and the payment obligations to Defendant have ceased, the payment status is inaccurate and misleading because a creditor would think Plaintiff was currently late on a payment. In response, Defendant argues that the credit information when read in its entirety is neither inaccurate nor misleading because it is unmistakable that the account is closed and that Plaintiff has no current payment obligations. The Court now rules on Defendant's Motion to Dismiss for Failure to State a Claim.

1

I.     BACKGROUND[1]

The Defendant Kay Jewelers is a retail jewelry company with stores across the United States. Plaintiff allegedly incurred consumer debt to Kay Jewelers due to his use of store credit. ECF No. 1 ¶ 8. Sometime after Plaintiff's debt became past due, the debt was transferred to another lender, bringing the balance of the account to $0. *Id.* ¶¶ 9, 11. On July 12, 2019, Plaintiff disputed the trade line in his credit report with Equifax, specifically that the pay status field showed Plaintiff was late 120 days. *Id.* ¶¶ 12, 14. The disputed trade line reported a payment status of "120 days past due date," a balance of $0, a date closed of July 26, 2014, a date updated of April 20, 2015, and included the remark: "Maximum Delinquency of 120 days in 03/2015 for $104 and in 04/2015."[2] ECF No. 7-2 Ex. 1. Equifax notified Kay Jewelers that Plaintiff disputed the accuracy of the information. *Id.* ¶ 15. Kay Jewelers did not alter the payment status information it sent to Equifax. *Id.* Plaintiff claims that his credit reputation and creditworthiness have been damaged by this credit information. *Id.* ¶ 16. Plaintiff seeks the greater of statutory or actual damages, punitive damages, and attorneys' fees and costs.

---

[1] The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [ ] construe[s] them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The Court draws the following facts from the Complaint and the credit report attached to the Eisen Declaration. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents.").

[2] The Court considers the credit report attached to the Eisen Declaration, which was provided by Plaintiff's counsel. ECF No. 7-2. In evaluating a motion to dismiss, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, and items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (courts may consider "a document integral or explicitly relied upon in the complaint").

## II. PROCEDURAL HISTORY

Plaintiff filed the Complaint on May 10, 2021. ECF No. 1. On July 8, 2021, Defendant filed its Motion to Dismiss for Failure to State a Claim. ECF No. 7. Plaintiff filed his response in opposition to the Motion, and Defendant filed a reply. ECF Nos. 11, 12.

## III. STANDARD OF REVIEW

When deciding a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citation omitted). A complaint is dismissed if it does not contain enough factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plausibility requires "more than a sheer possibility" that the defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this Circuit, courts carry out a three-step inquiry when evaluating a complaint: (1) take note of the elements the plaintiff must plead to state a claim, (2) disregard conclusory assertions, and (3) determine whether the well-pleaded factual allegations give rise to a plausible entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Courts "draw on [their] judicial experience and common sense" to evaluate whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

It is undisputed that Defendant Kay Jewelers is a furnisher of credit information under the Fair Credit Reporting Act. After receiving notice that a consumer disputes the completeness or accuracy of certain information, furnishers are required to investigate with respect to the disputed information and modify information found to be inaccurate or incomplete. 15 U.S.C. § 1681s-

2(b).

Plaintiff alleges that Defendant willfully and negligently furnished inaccurate and misleading credit information, failed to conduct a reasonable investigation of the information, and continued to furnish and disseminate the inaccurate information. The threshold question here is whether the information furnished by Defendant is inaccurate or misleading. *See, e.g.*, *Smith v. Trans Union, LLC*, No. 20-4903, 2021 WL 1061213, at *2 (E.D. Pa. March 19, 2021). As Plaintiff concedes, there can be no claim under the FCRA where there is no inaccuracy. ECF No. 11 at 5.

"A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)). The Court views credit information "through the lens of a person in a position to make an adverse decision based on a credit report, i.e., a creditor." *Smith*, 2021 WL 1061213, at *2. The accuracy of credit information is a question of fact, *Smith*, 2021 WL 1061213, at *2, but where "the parties provide the reported information in dispute and the court determines only one reasonable interpretation exists, a court may determine the accuracy of the report as a matter of law," *Samoura v. Trans Union LLC*, No. 20-5178, 2021 WL 915723, at *4 (E.D. Pa. Mar. 10, 2021); *Gibbs*, No. 21-0667, Order, ECF No. 66, at 4 (E.D. Pa. Sept. 28, 2021). When evaluating whether a credit report is inaccurate or misleading, courts consider the credit report as a whole. *See, e.g. Schweitzer*, 441 F. App'x at 900-02; *Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569, 579-80 (E.D. Pa. 2021); *Ostrander v. Trans Union LLC*, No. 20-5227, 2021 WL 3271168, at *7 (E.D. Pa. July 30, 2021). The FCRA is a remedial statute and is construed liberally to further its purpose to protect consumers from the

collection and publication of inaccurate credit information. 15 U.S.C. § 1681(b).

Defendant argues that Plaintiff fails to allege that the reporting was inaccurate or misleading because when the credit report is considered in its entirety, it is self-evident that the account is closed and Plaintiff has no current payment obligation.[3] ECF No. 7-1 at 8-12. In response, Plaintiff claims that the Defendant's report indicates that Plaintiff is "currently" 120 days delinquent on his account, which is inaccurate, and additionally, that the issue of accuracy is a question of fact for a jury. ECF No. 11 at 2, 5-6, 10-11.

Here, Plaintiff's trade line reports a payment status of "Account 120 Days Past Due Date." The trade line also indicates that the account was closed in July 2014, was last updated April 20, 2015, and has a balance of $0. Included with this credit information is a remark stating: "Maximum Delinquency of 120 days in 03/2015 for $104 and in 4/2015."

Despite Plaintiff's claim that the trade line reports he is "currently" 120 days delinquent on the account, the word "currently" appears nowhere in the report, and as numerous courts in this Circuit have held, the Court cannot read present tense language where it does not exist. *See, e.g.*, *Samoura,* 2021 WL 915723, at *7; *Bibbs*, 521 F. Supp. 3d at 579-80. When reading the report as a whole and in context, it is clear that Plaintiff is not currently late on any payment owed to Defendant as the debt was transferred in full to another creditor at the closing of the account. To find otherwise would require the Court to ignore the "$0" balance, the date closed, the date updated, and the remark indicating that the maximum delinquency of 120 days occurred in March and April of 2015, 6 years before Plaintiff filed the Complaint. Just as this Court cannot read the word "currently" where it does not appear, it cannot ignore credit information

---

[3] Any arguments raised by the parties not included here have been considered by the Court and determined to be irrelevant or of minimal persuasive value.

indicating the historical status of the payment information.

Several courts in this Circuit have reviewed nearly identical credit information and found that the credit information was not inaccurate or misleading as a matter of law. *Bibbs*, 521 F. Supp. 3d at 579-80 (reviewing date updated, date closed, balance, and remarks and granting judgment on the pleadings for defendant); *Samoura*, 2021 WL 915723, at *7 (same), *Ostrander*, 2021 WL 3271168, at *8 (same); *Parke v. Trans Union, LLC*, No. 20-4487, Order, ECF No. 32 (E.D. Pa. March 5, 2021) (same); *Gibbs*, No. 21 -0667, Order, ECF No. 66 (same); *Egues v. Nelnet Servicing, LLC*, No. 21-802, 2021 WL 3486904, at *3 (D.N.J. Aug 9, 2021) (reviewing credit information as a whole and dismissing complaint); *Fernandez v. Great Lakes Educational Services, Inc.*, No. 19-144, 2021 WL 3857864, at *5 (E.D. Pa. Aug. 30, 2021) (reviewing date closed, balance, and remarks and granting summary judgment for defendant).

The cases Plaintiff cites are inapposite. Regarding *Smith*, this Court observed that cases like *Bibbs* and the instant case, where the Plaintiff does not allege that he paid off the debt before the account was zeroed out, are distinguishable because in *Smith* "the debt was paid in full to the penny at the time [the account] was closed." 2021 WL 1061213, at *3 & n.3. In *Smith*, this Court also noted the "unfairness" that could result from that scenario because a creditor could wrongly believe that "the account was past due and continued to be past due, or not fully paid, when the balance was zeroed out when it was closed." 2021 WL 1061213, at *3. No such unfairness exists here where Plaintiff does not allege that he paid the debt at issue. Similarly, the plaintiff in *Barrow v. Trans Union, LLC* "fully satisfied" her debt, and the plaintiff in *Gatanas v. Am. Honda Fin. Corp.* did the same. No. 20-3628, 2021 WL 1424681, at *1 (E.D. Pa. April 13, 2021); No. 20-07788, 2020 WL 7137854, at *1 (D.N.J. Dec. 7, 2020). Plaintiff's efforts to focus the Court on these cases and ignore the many others that reach a different conclusion—like his

argument that the Court should look exclusively to the payment status—are unavailing.

After evaluating this report in its entirety, drawing all inferences in favor of Plaintiff, construing all facts in the light most favorable to Plaintiff, and construing the FCRA liberally in protection of consumers, this Court nevertheless concludes that the reported information was neither inaccurate nor misleading and thus Plaintiff fails to state a plausible claim for relief.

## V.     CONCLUSION

Accordingly, the Court GRANTS the motion to dismiss. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff's request to timely amend the Complaint is GRANTED. An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**